# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, MORAN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JASON M. HARROD**
**United States Army, Appellant**

ARMY 20120731

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Gregory A. Gross, Military Judge
Colonel Jeffrey D. Pedersen, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Timothy C. Erickson, JA (on brief).

22 May 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, one specification of aggravated sexual assault of a child, one specification of indecent liberties with a child, and one specification of adultery, in violation of Articles 86, 120, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 920, 934 (2006 & Supp. IV 2011), *amended by* 10 U.S.C. § 920 (2012). The military judge sentenced appellant to a dishonorable discharge, confinement for twenty-eight years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only eighteen years confinement and the remainder of the adjudged sentence. The convening authority also credited appellant with 135 days of confinement against the sentence to confinement and deferred the adjudged forfeitures and waived automatic forfeitures from 9 August 2012 until 4 November 2012.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which does not merit discussion or relief. We also find that the matters personally submitted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982) without merit. However, we do discuss and grant relief on an issue that was not raised by the parties.

Upon review of the record, we conclude the military judge failed to elicit an adequate factual basis that appellant's adultery was prejudicial to good order and discipline. "During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea for an abuse of discretion by determining whether the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial 910(e).

The government charged appellant with adultery, "such conduct as being prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces," a violation of Clauses 1 and 2 of Article 134, UCMJ. *See Manual for Courts–Martial, United States* (2008 ed.), pt. IV, ¶¶ 60.c.(2), (3). As our superior court recently reiterated, "[t]he . . . clauses of Article 134 constitute '. . . distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)). It follows, then that "[v]iolation of one clause does not necessarily lead to a violation of the other . . . ." *Id.* More specifically to the case before us, the court in *Fosler* went on to state that "disorders and neglects to the prejudice of good order and discipline" are not synonymous with "conduct of a nature to bring discredit upon the armed forces . . . ." *Id.* Thus, if a specification alleges both Clause 1 and 2, then there must be a substantial basis in fact in the record to support a finding of guilty to both.

Given the facts of this case, there is no question that appellant committed adultery. Moreover, the plea inquiry established facts demonstrating that appellant's conduct was service-discrediting. However, the plea inquiry failed to elicit an adequate factual basis regarding the prejudicial effect of appellant's adultery on good order and discipline in the armed forces. Although the military judge properly defined the Clause 1 element of "prejudice to good order and discipline in the armed forces," he never asked appellant to explain how his conduct violated Clause 1 of Article 134, UCMJ. Furthermore, the stipulation of fact is completely silent as to Clause 1 of Article 134, UCMJ. We therefore find a substantial basis in law and fact fact to question the providence of appellant's plea to committing conduct prejudicial to good order and discipline in violation of Clause 1 of Article 134, UCMJ.

## CONCLUSION

On consideration of the entire record, as well as those matters personally raised by appellant pursuant to *Grostefon*, the court affirms only so much of the finding of guilty of the Specification of Charge III as finds that appellant "a married man, did, at or near Fort Sill, Oklahoma, between on or about April 2011 and on or about June 2011, wrongfully have sexual intercourse with Ms. Samantha Nikki Moore, who had attained the age of 12 years, but had not attained the age of 16 years, a woman not his wife, such conduct of a nature to bring discredit upon the armed forces." The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2014) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court